UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES O. MARTIN,

    Plaintiff,

v.                                                           Case No. 10-C-694

NURSE MARY GORSKE,

    Defendant.

## DECISION AND ORDER

Plaintiff James Martin brought this § 1983 case against Defendant Nurse Mary Gorske, alleging she administered a Hepatitis-C experimental immunization to Martin against his will and against his express wishes while he was incarcerated at Waupon Correctional Institute. Before me is Nurse Gorske's motion for summary judgment. For the reasons given below, Defendant's motion for summary judgment will be granted.

The complaint arises out of Martin's allegation of an incident that transpired while he was confined at Waupun Correctional Institution. Martin claims he was asked to go to Nurse Gorske for a Hepatitis-C experimental immunization and that when he arrived he told Nurse Gorske he did not want the shot. According to Martin, he was "tricked" by Nurse Gorske who told him to look at the wall; Martin says he complied and she injected him with the shot. Martin claims the shot was painful, that it made him weak, and that the shot caused him to develop a bacterial infection known as Methicillin-resistant Staphylococcus aureus (MRSA). The involuntary administration of medication can violate both procedural and substantive elements of the Due Process Clause of

the Fourteenth Amendment. *Washington v. Harper*, 494 U.S. 210 (1990); *Russell v. Richards*, 384 F.3d 444, 447 (7th Cir. 2004) (noting that inmates have a "constitutionally-protected interest in refusing unwanted medical treatment"). This Court thus concluded Martin had stated a claim as to Nurse Gorske. (ECF 10.)

**STANDARD OF REVIEW**

Under the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

**ANALYSIS**

**I. Exhaustion of Remedies**

The Prison Litigation Reform Act (PLRA) requires that inmates exhaust all remedies that the state makes available to them. "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'"

*Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (citation omitted). Asking a federal court to become involved in the operations of a state prison is, after all, an extraordinary request.

The PLRA exhaustion rule is "comprehensive" and "very broad." *Smith v. Zachary*, 255 F.3d 446, 451–52 (7th Cir. 2001). There is no futility exception to the PLRA exhaustion requirement. *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Nor is there a substantial compliance exception; a good faith attempt to exhaust is not enough. *Zachary*, 255 F.3d at 452. Prisoners must file complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025. (7th Cir. 2002.) Proper exhaustion "demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006).

In Wisconsin, inmates must file offender complaints through the Inmate Complaint Review System (ICRS), outlined in Wis. Admin. Code ch. DOC 310, in order to exhaust available administrative remedies. *See* §§ DOC 310.05, 310.08. An inmate must file an offender complaint (DOC-400 form) with the Inmate Complaint Examiner (ICE) within fourteen days of the event giving rise to the complaint. §§ DOC 310.09, 310.11. The offender complaint must clearly identify the issue the inmate seeks to raise. § DOC 310.09(1)(e). The ICE may reject a complaint if it does not comply with the rules. *See, e.g.*, DOC §§ 310.08; 310.09; 310.11(5). The inmate may appeal the rejected complaint to the appropriate reviewing authority. *See* § DOC310.11(6). The failure to complete each step of the ICRS grievance procedure properly constitutes failure to exhaust available administrative remedies. *Pozo*, 286 F.3d at 1025.

The record demonstrates Martin did not properly exhaust his administrative remedies with respect to the alleged February 20, 2007 incident. On March 13, 2007, Martin submitted a letter

3

complaining of the alleged actions of Nurse Gorske, but the letter was rejected because it was not in conformance with ICRS protocols. This letter was also clearly beyond the fourteen day requirement outlined in DOC 310. Despite his untimeliness, Martin filed an offender complaint, Complaint No. WCI-2007-11049, on April 12, 2007. (Johnston Aff., Ex. 100 at 5.) This complaint was rejected for being submitted after the fourteen day requirement with no good cause shown meriting a time limit extension. (*Id*. at 2–3.) Martin appealed the rejection, but the reviewing authority found that Complaint No. WCI-2007-11049 was appropriately rejected as untimely (*Id*. at 2–3.)

Because Martin failed to file a timely offender complaint through the ICRS, he has failed to exhaust available administrative remedies properly, and Nurse Gorske's motion for summary judgment must be granted. *See Woodford*, 126 S. Ct. at 2382 (holding that prisoner does not satisfy exhaustion requirement by filing untimely or otherwise procedurally defective administrative grievances or appeals); *Riccardo v. Rausch*, 375 F.3d 521, 523 (7th Cir. 2004) ("Prisoners must follow state rules about the time and content of grievances."); *Pozo*, 286 F.3d at 1025 ("a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. [Plaintiff] filed a timely and sufficient complaint but did not file a timely appeal. He therefore failed to exhaust his administrative remedies, and his federal suit must be dismissed."); *Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005) (concluding dismissal was proper as inmate's "failure to take a timely administrative appeal within the state system means that he has failed to exhaust his state remedies for purposes of § 1997e(a)."). Defendant's briefs and affidavits demonstrate Martin failed to file a timely offender complaint and as discussed below, Martin has not put forth any evidence of a genuine issue of material fact to the contrary.

4

**II. Plaintiff's Failure to Respond to Defendant's Summary Judgment Motion**

A second procedural issue arises out of Martin's failure to follow the rules governing summary judgment. Martin did not respond to Defendant's proposed findings of fact, which means those proposed findings are deemed admitted under Civil L.R. 56(e): "[i]n deciding a motion for summary judgment, the Court must conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out." This rule echos the well known requirements of Fed. R. Civ. P. 56. The fact that Martin is *pro se* is of no moment. Pro se filings are construed liberally, but even pro se litigants "must follow procedural rules of which they are aware, and district courts have discretion to enforce those rules against such litigants." *Hill v. Thalacker*, 210 Fed. Appx. 513, 515 (7th Cir. 2006) (finding that the district court acted within its discretion when it ignored inmate's proposed findings of fact and deemed defendant's facts admitted). Martin was informed about these rules in the attachments to the Defendant's motion for summary judgment. Accordingly, he is deemed to have admitted crucial facts, including the Defendant's assertions that his offender complaint was untimely. This alone, like his failure to exhaust, dooms his claims.

**CONCLUSION**

Martin has failed to exhaust his administrative remedies. Accordingly, Defendant's motion for summary judgment is **GRANTED** and Martin's § 1983 case is **DISMISSED**.

Dated this   22nd   day of September, 2011.

                                        s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge